pillsbury

Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Blvd, 14th Floor | McLean, VA 22102-4856 | tel 703.770.7900 | fax 703.770.7901

Bryan P. Collins
tel: 703.770.7538
bryan.collins@pillsburylaw.com

January 10, 2024

**Filed via CM/ECF**

Hon. Jarrett B. Perlow
717 Madison Place, NW
Washington, DC 20439

Re: Fed. R. App. P. 28(j) Notice of Supplemental Authority
Zircon Corp. v. ITC, 22-1649

Dear Mr. Perlow:

Pursuant to Fed. R. App. P. 28(j), Intervenors Black & Decker (U.S.), Inc. and Stanley Black & Decker, Inc. provides the attached supplemental authority.

At oral argument in the above-referenced appeal, the Court asked whether Intervenors were required to file a cross-appeal to raise issues of invalidity for claims in the two pivot grip patents. Intervenor's Brief at pg. 66 cited *Bailey v. Dart Container Corp. of Mich.*, 292 F.3d 1360, 1362 (Fed. Cir. 2002) to support raising invalidity as an independent reason for affirmance.

To follow up on questions raised by the Court, we reviewed the law on this procedural issue and are providing this letter under Fed. R. App. 28(j) to cite authorities confirming that the principle in *Bailey* has been applied in appeals from the Commission.

*Sinochem Modern Environmental Protection Chemicals (Xi'An) Co. Ltd. v. International Trade Commission*, 358 F. App'x 161 (Fed. Cir. 2009) expressly applied *Bailey*, holding that an ITC respondent should not file a

cross-appeal to raise invalidity arguments when the finding below was one of no violation. The Court stated that "even if Sinochem's arguments concerning invalidity are accepted, the final determination would still be one of no Section 337 violation, which would result in an affirmance. Sinochem may raise its arguments concerning invalidity in its brief as an appellee in 2009–1513." *Id.*

Precedential decisions pre-dating *Bailey* have reached the same conclusion. *Surface Technology Inc. v. International Trade Commission*, 780 F.2d 29, 30-31 (Fed. Cir. 1985) (dismissing cross-appeals from ITC respondents that obtained a no violation finding and pointing out "ESK and Schlafhorst are entitled to participate in STI's appeal before this court in which they may raise any claim in support of the ITC's determination of no violation."); *Krupp International, Inc. v. International Trade Commission*, 626 F.2d 844, 846 (Fed. Cir. 1980) (dismissing appeals from ITC respondents on issues where no violation had been found and noting they can raise those issues in complainant's appeal).

The Court's consideration of these recently identified authorities under Fed. R. App. 28(j) is thus respectfully requested.

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

*/s/ Bryan P. Collins*
Bryan P. Collins

cc: Counsel of record via CM/ECF

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

This letter complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and the Federal Circuit Rules because it contains 341 words, which does not exceed the maximum authorized by Fed. R. App. P. 28(j) of 350 words.

Date: January 10, 2024

*/s/ Bryan P. Collins*
Bryan P. Collins

KeyCite Yellow Flag - Negative Treatment
Declined to Extend by Knauf Insulation, Inc. v. Rockwool International A/S, Fed.Cir., October 15, 2019

292 F.3d 1360
United States Court of Appeals,
Federal Circuit.

John A. BAILEY, Plaintiff–Appellant,
v.
DART CONTAINER CORPORATION OF MICHIGAN, Dart Container Corporation of Kentucky, Dart Container Corporation of Pennsylvania, and Dart Container Corporation, Defendants–Appellees.
John A. Bailey, Plaintiff–Appellee,
v.
Dart Container Corporation of Michigan, Dart Container Corporation of Kentucky, Dart Container Corporation of Pennsylvania, and Dart Container Corporation, Defendants–Appellees.

Nos. 02–1165, 02–1166.
|
DECIDED: June 7, 2002.

**Synopsis**
The United States District Court for the District of Massachusetts, Reginald C. Lindsay, J., entered a judgment of noninfringement in a patent suit, 157 F.Supp.2d. 110, and cross-appeals were taken. Upon appellee's motion to dismiss cross-appeal, the Court of Appeals, Linn, Circuit Judge, held that prevailing party could not file “conditional” cross-appeal so that it could raise arguments regarding noninfringement and claim construction in the event that court reversed the noninfringement determination.

Motion granted.

**Procedural Posture(s):** Motion to Dismiss.

West Headnotes (4)

**[1]** **Patents** Persons entitled to seek review or assert arguments; parties; standing

Prevailing party, which obtained a judgment of noninfringement, could not file “conditional” cross-appeal so that it could raise arguments regarding noninfringement and claim construction in the event that court reversed the noninfringement determination.

17 Cases that cite this headnote

**[2]** **Federal Courts** Appellees; necessity of filing cross-appeal

An appellee can present in Court of Appeals court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court.

12 Cases that cite this headnote

**[3]** **Federal Courts** Appellees; necessity of filing cross-appeal

It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment.

41 Cases that cite this headnote

**[4]** **Federal Courts** Appellees; necessity of filing cross-appeal

A party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance.

33 Cases that cite this headnote

**Attorneys and Law Firms**

***1361** Erik P. Belt, Bromberg & Sunstein LLP, of Boston, MA, for plaintiff-appellant. Of counsel were Sarah C. Peck and Anne Marie Longobucco.

Scott L. Robertson, Hunton & Williams, of Washington, DC, for defendants-cross appellants. Of counsel were Thomas J. Scott, Jr., Ozzie A. Farres, and Emerson V. Briggs, III.

Before LOURIE, LINN and DYK, Circuit Judges.

ON MOTION

LINN, Circuit Judge.

*ORDER*

John A. Bailey moves to dismiss appeal 02–1166 filed by Dart Container Corporation of Michigan et al. Dart Container opposes. Bailey replies.

**[1]** The United States District Court for the District of Massachusetts found noninfringement and Bailey appealed. Dart Container prevailed on the merits of the case, but states that it filed a "conditional" cross-appeal so that it could raise arguments regarding noninfringement and claim construction in the event that this court reverses the noninfringement determination. ***1362** Dart Container cites *IMS Technology, Inc. v. Haas Automation, Inc.,* 206 F.3d 1422, 1437–38, 54 USPQ2d 1129, 1140 (Fed.Cir.2000), and *Budde v. Harley Davidson, Inc.,* 250 F.3d 1369, 58 USPQ2d 1801 (Fed.Cir.2001), as supporting the filing of such a conditional cross-appeal. Although those cases mention that such a conditional cross-appeal was filed and the court considered the cross-appellants' arguments concerning claim construction, those cases do not state that a prevailing party has standing to appeal or that a conditional cross-appeal must be filed in order for those issues to be considered. Absent such a discussion, those cases cannot stand for the proposition that there is jurisdiction over such a cross-appeal. *See Nat'l Cable Television Assoc., Inc. v. Am. Cinema Editors, Inc.,* 937 F.2d 1572, 1581, 19 USPQ2d 1424, 1431 (Fed.Cir.1991) ("When an issue is not argued or is ignored in a decision, such decision is not precedent to be followed in a subsequent case in which the issue arises.").

**[2]** As Bailey correctly notes, an appellee can present in this court all arguments supported by the record and advanced in the trial court in support of the judgment as an appellee, even if those particular arguments were rejected or ignored by the trial court. *Datascope Corp. v. SMEC, Inc.,* 879 F.2d 820, 822 n. 1, 11 USPQ2d 1321, 1322 n. 1 (Fed.Cir.1989) (cross-appeal improper to offer arguments in support of the judgment; appellee can assert alternative grounds for affirming the judgment that are supported by the record); *Glaxo, Inc. v. TorPharm, Inc.,* 153 F.3d 1366, 1371–72, 47 USPQ2d 1836, 1840 (Fed.Cir.1998) (court may adopt ground advanced by appellee that was rejected by the trial court on summary judgment). Thus, the arguments made by the cross-appellants in *IMS* and *Budde* could have been considered by this court even if the cross-appellants had merely proceeded as appellees, as long as those arguments were made in support of the judgment of noninfringement. Similarly, in this case, Dart Container can as an appellee make appropriate arguments regarding claim construction that would result in affirmance of the judgment of noninfringement. *See United States v. Am. Ry. Express Co.,* 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924) (an appellee can raise "any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it").

**[3]** **[4]** It is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment. *Am. Ry. Express,* 265 U.S. at 435, 44 S.Ct. 560; *Carnival Cruise Lines, Inc. v. United States,* 200 F.3d 1361, 1365 (Fed.Cir.2000). Thus, a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment rather than an affirmance. *Radio Steel & Mfg. Co. v. MTD Prods., Inc.,* 731 F.2d 840, 844, 221 USPQ 657, 660 (Fed.Cir.1984) (party that prevailed due to district court's determination of noninfringement must appeal to argue that the district court incorrectly denied its counterclaim for a declaratory judgment of invalidity).

In sum, allowing a cross-appeal to proceed in the circumstances of the present case is not permitted and unnecessarily expands the amount of briefing that is otherwise allowed, as well as giving the appellee an unfair opportunity to file the final brief and have the final oral argument, contrary to established rules.

Accordingly,

IT IS ORDERED THAT:

(1) Bailey's motion to dismiss the cross-appeal, 02–1166, is granted.

***1363** (2) Each side shall bear its own costs with respect to appeal 02–1166.

**All Citations**

292 F.3d 1360, 63 U.S.P.Q.2d 1319

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

358 Fed.Appx. 161
This case was not selected for
publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally
governing citation of judicial decisions issued on or after
Jan. 1, 2007. See also Federal Circuit Rule 32.1 and
Federal Circuit Local Rule 32.1. (Find CTAF Rule 32.1)
United States Court of Appeals,
Federal Circuit.

SINOCHEM MODERN ENVIRONMENTAL PROTECTION CHEMICALS (XI'AN) CO., LTD., Sinochem Environmental Protection Chemicals (Taicang) Co., Ltd., Sinochem Ningbo Ltd., and Sinochem (U.S.A.) Inc., Appellants,
v.
INTERNATIONAL TRADE COMMISSION, Appellee.

No. 2009–1563.
|
Dec. 17, 2009.

On Appeal from the United States International Trade Commission in Investigation No. 337–TA–623.

**Attorneys and Law Firms**

***162** Alex Menchaca, Yufeng Ma, McAndrews, Held & Malloy, Ltd., Chicago, IL, for Appellants.

Before MICHEL, Chief Judge, SCHALL and LINN, Circuit Judges.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

****1** The International Trade Commission moves to dismiss this appeal. Sinochem Modern Environmental Protection Chemicals (XI'AN) Co. Ltd. et al. (Sinochem) oppose.

Pursuant to 19 U.S.C. § 1337(c), only a party adversely affected by a final determination of the ITC may appeal to this court. *Surface Technology, Inc. v. Int'l Trade Comm'n,* 780 F.2d 29, 30 (Fed.Cir.1985). Here, the ITC made a final determination of no Section 337 violation. The complainants filed an appeal in this court, 2009–1513. Sinochem also filed an appeal, in the nature of a cross-appeal, on the ground that the ITC rejected some of its patent invalidity arguments. However, it is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment. *Bailey v. Dart Container Corp. of Michigan,* 292 F.3d 1360, 1362 (Fed.Cir.2002) (citation omitted). Thus, a party must file a cross-appeal when acceptance of the argument it wishes to advance would result in a reversal or modification of the judgment, rather than an affirmance. *Id.* That is not the case here because even if Sinochem's arguments concerning invalidity are accepted, the final determination would still be one of no Section 337 violation, which would result in an affirmance. Sinochem may raise its arguments concerning invalidity in its brief as an appellee in 2009–1513.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss this appeal is granted. All other pending motions are moot.

(2) Each side shall bear its own costs.

**All Citations**

358 Fed.Appx. 161, 2009 WL 4906887

End of Document © 2024 Thomson Reuters. No claim to original U.S. Government Works.

780 F.2d 29
United States Court of Appeals,
Federal Circuit.

SURFACE TECHNOLOGY, INC., Petitioner,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Respondent.
ELEKTROSCHMELZWERK KEMPTEN, GMBH, et al., Petitioners,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Respondent.
W. SCHLAFHORST & CO., et al., Petitioners,
v.
UNITED STATES INTERNATIONAL TRADE COMMISSION, Respondent.

Appeal Nos. 85–1163, 85–1862 and 85–1863.
|
Dec. 5, 1985.
|
As Amended Dec. 20, 1985.

**Synopsis**
Complaint was filed alleging unfair acts and methods of competition in violation of the Tariff Act of 1930. The International Trade Commission found no violation, and complainant and respondents appealed. The Court of Appeals for the Federal Circuit, Rich, Circuit Judge, held that in view of finding of no violation, respondents were without standing to appeal, but they could participate in claimant's appeal and raise any claim in support of the Commission's determination of no violation.

Motions to dismiss cross appeal and motions to intervene granted.

**Procedural Posture(s):** On Appeal.

West Headnotes (2)

**[1]** **Customs Duties** Decisions and Questions Reviewable, Parties, and Persons Entitled

In view of finding by the International Trade Commission that respondents had not violated § 337 of the Tariff Act of 1930, relating to unfair practices in import trade, respondents were without standing to appeal, but they were entitled to participate in complainant's appeal, in which they could raise any claim in support of the Commission's determination of no violation. Tariff Act of 1930, §§ 337, 337(c), 19 U.S.C.A. §§ 1337, 1337(c).

7 Cases that cite this headnote

**[2]** **Customs Duties** Decisions and Questions Reviewable, Parties, and Persons Entitled

On appeal from the International Trade Commission, Court of Appeals for the Federal Circuit would not review those portions of the presiding officer's determinations on which the Commission had taken no position. Tariff Act of 1930, § 337(c), 19 U.S.C.A. § 1337(c).

2 Cases that cite this headnote

**Attorneys and Law Firms**

***30** ****25** Kenneth J. Burchfiel, Sughrue, Mion, Zinn, Macpeak & Seas, Washington, D.C., argued for petitioner. With him on the brief was Thomas J. Macpeak, P.C, Italo H. Ablondi, F. David Foster and Sturgis M. Sobin, Ablondi & Foster, P.C., Washington, D.C., of counsel.

Judith M. Czako, Office of the General Counsel, U.S. Intern. Trade Com'n, Washington, D.C., argued for respondent ITC. With her on the brief were Lyn M. Schlitt, Gen. Counsel and Michael P. Mabile, Asst. Gen. Counsel.

Donald D. Evenson, Barnes & Thornburg, Washington, D.C., argued for petitioner W. Schlafhorst & Co. With him on the brief was Ryan M. Fountain. Dalbert U. Shefte, Richards, Shefte, & Pinckney, Charlotte, N.C. and Donald E. Knebel, Barnes & Thornburg, Indianapolis, Ind., of counsel.

****26** Herbert I. Cantor, Cantor & Lessler, Bethesda, Md., argued for petitioner Elektroschmelzwerk. Milton J. Wayne and Richard M. Goldberg Burgess, Ryan & Wayne, New York City, of counsel.

Before FRIEDMAN, RICH, and DAVIS, Circuit Judges.

ORDER *

* This Order, originally issued on April 10, 1985, as an unpublished order, is reissued for publication, with correction of typographical errors.

RICH, Circuit Judge.

Surface Technology, Inc. (STI) filed a complaint alleging unfair acts and methods of competition in violation of § 337 of the Tariff Act of 1930 before the International Trade Commission. Elektroschmelzwerk Kempten, GMBH (ESK) and W. Schlafhorst and Co. (Schlafhorst) participated as respondents before the ITC. Ultimately the Commission found no violation of § 337. All three parties have filed appeals from the ITC's determination.

Pursuant to 19 U.S.C. § 1337(c), a party adversely affected by a final determination of the ITC may appeal to this court.

**[1]** **[2]** In view of the ITC's finding of no violation of § 337 by ESK and Schlafhorst, these parties are without standing to appeal. *American Telephone and Telegraph Company v. U.S. International* ***31** *Trade Commission,* 626 F.2d 841 (CCPA 1980). Accordingly, their appeals will be dismissed.

ESK and Schlafhorst are entitled to participate in STI's appeal before this court in which they may raise any claim in support of the ITC's determination of no violation. *Krupp International, Inc. v. U.S. International Trade Commission,* 626 F.2d 844 (CCPA 1980). This court, however, will not review those portions of the presiding officer's determinations on which the Commission has taken no position. *Beloit v. Valmet Oy,* 742 F.2d 1421 (Fed.Cir.1984). Accordingly,

IT IS ORDERED:

(1) ITC's motions to dismiss cross-appeal Nos. 85–1862 and 85–1863 are granted.

(2) ESK's and Schlafhorst's motions to intervene as appellees in appeal no. 85–1163 are granted.

(3) ESK's motion to consolidate appeal nos. 85–1862 with 85–1863 and STI's motions to intervene in appeal nos. 85–1862 and 85–1863 are rendered moot.

(4) The Clerk shall set a revised briefing schedule.

**All Citations**

780 F.2d 29, 7 ITRD 1628, 4 Fed. Cir. (T) 25

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

626 F.2d 844
United States Court of Customs and Patent Appeals.

KRUPP INTERNATIONAL, INC.
and Fried. Krupp GmbH, Appellants,
v.
U. S. INTERNATIONAL TRADE
COMMISSION, Appellee.
AMERICAN TELEPHONE AND TELEGRAPH
COMPANY, Western Electric Company, Incorporated
and Nassau Recycle Corporation, Appellants,
v.
UNITED STATES INTERNATIONAL
TRADE COMMISSION, Appellee.

Appeal Nos. 80-23, 80-26.
|
June 4, 1980.

**Synopsis**
The International Trade Commission, Investigation No. 337-TA-52, made determinations from which appeals were taken. The Court of Customs and Patent Appeals, Markey, C. J., held that findings associated with an ultimate determination of the International Trade Commission that statute governing unfair practices in import trade has not been violated are not final determinations within statute governing appeals by persons "adversely affected" and, hence, do not give standing to appeal to a respondent dissatisfied with those findings.

Dismissed.

West Headnotes (1)

**[1]** **Customs Duties** Decisions and questions reviewable, parties, and persons entitled

Findings associated with an ultimate determination of the International Trade Commission that statute governing unfair practices in import trade has not been violated are not final determinations within statute governing appeals by persons "adversely affected" and, hence, do not give standing to appeal to a respondent dissatisfied with those findings. Tariff Act of 1930, §§ 337, 337(c) as amended 19 U.S.C.A. §§ 1337, 1337(c).

6 Cases that cite this headnote

**Attorneys and Law Firms**

***844** Harvey Kaye, George H. Spencer, Sheldon Landsman, Deborah S. Strauss, Spencer & Kaye, Paul Plaia, Jr., Plaia, Schaumberg & Taubman, Washington, D. C., for Krupp, et al.

Jeffrey S. Neeley, Int'l. Trade Comm., Washington, D. C., for Int'l. Trade Comm.

Victor M. Wigman, Herbert Cohen, George Myers, Jr., Wigman & Cohen, Arlington, Va., Van C. Wilks, Herbert M. Hanegan, Stanley Tate, Southwire Co., Carrollton, Ga., James H. Bratton, Jr., Thomas W. Rhodes, Frederick G. Boynton, Gambrell, Russell & Forbes, Atlanta, Ga., for Southwire Co.

Before MARKEY, Chief Judge, and BALDWIN, and MILLER, Associate Judges.

**Opinion**

MARKEY, Chief Judge.

American Telephone and Telegraph Company, Western Electric Company, Inc., and Nassau Recycle Corporation (collectively, "Bell") and Krupp International, Inc. and Fried. Krupp GmbH (collectively, "Krupp"), respondents below, have separately appealed from a decision of the United States International Trade Commission (ITC) in investigation No. 337-TA-52, In re Certain Apparatus for the Continuous Production of ***845** Copper Rod. Southwire Company (Southwire), complainant below, moves to dismiss both appeals for lack of standing. We grant the motions.

*Background*

On April 11, 1978, Southwire filed a complaint with the ITC under section 337 [1] of the Tariff Act of 1930, as amended, 19 U.S.C. s 1337, (section 337), alleging that Krupp and Bell had engaged in unfair acts or unfair methods of competition by importing into and selling in this country certain apparatus used for the continuous production of copper rod. Krupp and Bell allegedly infringed five U. S.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

patents and misappropriated fourteen trade secrets owned by Southwire.

1 Section 337 provides in pertinent part:

Unfair practices in import trade

(a) Unfair methods of competition declared unlawful

Unfair methods of competition and unfair acts in the importation of articles into the United States, or in their sale by the owner, importer, consignee, or agent of either, the effect or tendency of which is to destroy or substantially injure an industry, efficiently and economically operated, in the United States, or to prevent the establishment of such an industry, or to restrain or monopolize trade and commerce in the United States, are declared unlawful, and when found by the Commission to exist shall be dealt with, in addition to any other provisions of law, as provided in this section.

Following an investigation, the ITC issued a COMMISSION MEMORANDUM OPINION and a COMMISSION DETERMINATION AND ORDER on November 23, 1979. The OPINION treated the five patents and fourteen trade secrets and the issues thereon seriatum. The ITC found Bell not guilty of any violation. However, it determined that Krupp violated section 337 with respect to one patent and two trade secrets and ordered Krupp to cease and desist from importing or selling articles incorporating the two trade secrets or articles suitable for use in infringing the patent. Of the remaining four patents, the ITC found three invalid and one valid but not infringed. Of the remaining twelve trade secrets, the ITC found nine not protectible because they had been publicly disclosed, two not misappropriated, and Southwire lacking a proprietary interest in the other.[2]

2 The ITC determinations were referred to the President pursuant to subsection (g) of section 337 and were approved by his representative on January 23, 1980.

On February 19, 1980, Krupp appealed from the ITC decision, alleging error in the determinations that Krupp violated section 337. On February 28, 1980, Southwire filed a cross-appeal attacking the ITC's findings respecting the patents and trade secrets for which no section 337 violation was found.[3] On March 21, 1980, Krupp and Bell each filed a NOTICE OF APPEAL,[4] alleging that the ITC made erroneous findings respecting the patents and trade secrets at issue in Southwire's cross-appeal.

3 We denied motions by Krupp and Bell to dismiss the cross-appeal as untimely. Southwire Co. v. USITC, No. 80-21 (CCPA June 2, 1980).

4 The ITC characterizes those appeals as "cross-appeals" to Southwire's February 28th cross-appeal. The distinction between an original appeal and a cross-appeal is irrelevant to our decision on these motions. Hence, we need not determine whether the March 21st appeals are original appeals or cross-appeals.

On April 9, 1980, Southwire moved to dismiss the March 21st appeals on the ground that Krupp and Bell were not adversely affected by the determinations from which they appealed and thus lacked standing to appeal.[5]

5 Southwire did not question the timeliness of the appeals. We therefore express no view on that point.

*Issue*

The sole issue is whether Krupp and Bell have standing to appeal.

OPINION

Under subsection (c) of section 337, only persons who are "adversely affected" by a final determination of the ITC have standing ***846** to appeal to this court.[6] ITC respondents, such as Krupp and Bell, are not "adversely affected" by a determination that they did not violate section 337. Tong Seae Industrial Co. v. USITC, No. 79-38, slip op. at 8, — F.2d —— (CCPA Jan. 7, 1980). Moreover, findings associated with the ultimate determination that section 337 has not been violated are not final determinations within the meaning of subsection (c) and do not give standing to appeal to a respondent dissatisfied with those findings. American Telephone and Telegraph Co. v. USITC, No. 80-14, 626 F.2d 841 (CCPA Mar. 26, 1980); Krupp International, Inc. v. USITC, No. 80-15, 626 F.2d 843 (CCPA Mar. 26, 1980).

 © 2024 Thomson Reuters. No claim to original U.S. Government Works. 

6 Subsection (c) of section 337 provides in pertinent part:

> (c) Determinations; review
> The Commission shall determine, with respect to each investigation conducted by it under this section, whether or not there is a violation of this section. * * * Any person adversely affected by a final determination of the Commission * * * may appeal such determination to the United States Court of Customs and Patent Appeals.

The issues raised by Krupp and Bell in their appeals relate to patents and trade secrets for which the ITC determined that no section 337 violation had occurred. Hence, the ITC's findings respecting those patents and trade secrets were not adverse final determinations with respect to Krupp and Bell and they do not give Krupp and Bell standing to sustain the instant appeals.

Krupp and Bell admit that the ITC's final determinations respecting those patent and trade secrets were favorable to them. They argue, however, that the risk of reversal created by Southwire's cross-appeal is an adverse effect sufficient to sustain the instant appeals. We disagree.

Subsection (c) of section 337, supra note 6, requires an appellant to be adversely affected by the ITC determination itself. An appeal by one party does not transform a determination that is otherwise favorable to remaining parties into one that is adverse to them. Southwire's cross-appeal, thus, does not inflict on Krupp and Bell the adverse effect required for standing.

Krupp and Bell understandably wish an opportunity to address the ITC's unfavorable findings respecting those patents and trade secrets, Southwire having appealed the determinations of no section 337 violation. However, it is not necessary for Krupp and Bell to pursue separate appeals. All questions bearing on the issue of whether there exists a section 337 violation with respect to those patents and trade secrets will be before the court upon consideration of Southwire's cross-appeal. Krupp and Bell can participate as appellees in the cross-appeal and can there raise the issues presently presented by their appeals. Tong Seae Industrial Co. v. USITC, supra, slip op. at 8, —- F.2d at ——; see Klemperer v. Price, 47 CCPA 729, 730-31, 271 F.2d 743, 744, 123 USPQ 539, 540 (1959).

Accordingly, the motions by Southwire to dismiss the March 21st appeals by Krupp and Bell for lack of standing are granted and the appeals are dismissed.

DISMISSED.

**All Citations**

626 F.2d 844, 2 ITRD 1170, 206 U.S.P.Q. 310

End of Document

© 2024 Thomson Reuters. No claim to original U.S. Government Works.